IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JANICE TEETER, as personal representative of the Estate of M.G. (a minor) and JANICE TEETER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY PUBLIC SCHOOL DISTRICT, et al.,<br><br>Defendants. | CV 26-2-M-DWM<br><br>PROTECTIVE ORDER |

Plaintiff Janice Teeter, as personal representative of the Estate of M.G. (a minor) and individually, and Defendants Missoula County Public School District, Tyler Solberg, and Dennis Juneau (collectively, the "Parties" or singularly, each a "Party") jointly stipulate and agree to, (Doc. 44), and the Court ORDERS the following:

1. Any Party to this above-captioned litigation and any third-party shall have the right to designate as "Confidential" and subject to this Stipulation and Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal, personnel, or student information; (b) that contains information received in confidence from third

parties; or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26 of the Montana Rules of Civil Procedure. Any Party or any third party covered by this Stipulation and Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same "CONFIDENTIAL" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving Parties solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Parties for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving Parties to anyone other than those set forth in Section 3, unless and until the restrictions herein are removed either by written agreement of counsel for all Parties or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals and under the following conditions:

   a. Counsel for the Parties, as well as the Parties' insurers (if any);

   b. Outside experts, potential experts, or consultants for a Party for purposes of this action, provided they have been advised of and have

agreed to the confidentiality requirements of this Stipulation and Order;

c. Secretarial, paralegal, clerical, information-technology, or litigation-support personnel of the foregoing;

d. The Court and Court personnel, in camera or filed under seal, and not through public means;

e. Any individual identified in the case as likely to have discoverable information that any party may use to support its claim or defenses may be shown or examined on any information, document, or thing designated Confidential if: (i) it appears that the individual authored or received a copy of it; (ii) the individual was involved in the subject matter described therein or is employed by the Party who produced the information, document, or thing, and agrees to maintain the confidentiality of the information, document, or thing designated Confidential and use or refer to same only in the context of this lawsuit; or (iii) the producing Party consents to such disclosure;

f. Vendors consulted or retained by or for the Parties to assist in preparing for pretrial discovery, trial, hearings, and/or alternative dispute resolution, including but not limited to mediators, court reporters, stenographers, videographers, outside litigation support personnel, jury consultants, individuals to prepare demonstrative and

audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and/or clerical employees whose duties and responsibilities require access to such materials; and

g. The Parties to this lawsuit, and in the case of Parties that are corporations or other business entities, Party shall include employees who have a legitimate business need to know the information provided they have been advised of and have agreed to the confidentiality requirements of this Stipulation and Order.

4. Confidential material shall be used only by individuals permitted access to it under Section 3. Confidential material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the Party or the Parties asserting confidentiality waive the claim of confidentiality in writing, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material, any Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by written agreement of the Parties. Upon being informed that certain portions of a deposition transcript are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript

in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Stipulation and Order.

6. If a Party wishes to file or submit to the Court any Confidential material, the Party must do so only under seal or impoundment with leave of the Court. Confidential material may not be filed electronically through the Court's public docket unless or until (a) the Party that designated the material as Confidential has consented in writing; (b) the Confidential designation has been revoked by Order of the Court; or (c) the Court denies a motion for leave to file the Confidential material under seal. This Stipulation and Order shall not, however, limit the right of each Party to disclose its own materials it designated Confidential, including by filing in the Court's public docket, which shall not result in waiver of confidentiality as to the subject matter or related materials, but shall result in waiver only as to the specific document page(s) or material(s) disclosed in the public record.

7. If any Party objects to the designation of materials or categories of materials designated as Confidential, counsel for that Party shall inform counsel for the other Party, providing such information and the basis for the objection. Ten (10) days thereafter, if the Parties have not resolved the dispute, the Party objecting to the designation of materials as Confidential may file a motion with the Court, and the Party designating the materials as

Confidential bears the burden of establishing that application of this Stipulation and Order to such materials is appropriate.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties or a third party to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Stipulation and Order.

9. When the inadvertent or mistaken disclosure of any information, document, or thing protected by attorney-client or other privilege, or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Parties, the receiving Parties' treatment of such material shall be in accordance with Montana Rule of Civil Procedure 26. Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing Party of any claims of

attorney-client, spousal or other privilege, or work-product immunity, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. No information that is in the public domain or which is or becomes available to a Party from a source other than the Party asserting confidentiality, which source was and is rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential material under this Stipulation and Order.

11. This Stipulation and Order is being entered without prejudice to the right of any Party to move the Court for modification of or for relief from any of its terms.

12. This Stipulation and Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

13. Within thirty (30) days of the final conclusion of this litigation, including any appeals thereof, each receiving Party or other individual subject to the terms hereof shall destroy and certify in writing the destruction of, or return

to the originating source, all originals and unmarked copies of documents and things containing Confidential material and destroy, should the original source so request, all copies of Confidential material that contain and/or constitute attorney work product; provided, however, that counsel may retain complete copies of all filings, discovery, transcripts, and pleadings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Stipulation and Order. To the extent a Party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

IT IS ORDERED that the parties are required to adhere to the process for addressing confidential information disclosed in discovery in conformity with this stipulated protective agreement.

DATED this 17th day of November, 2026.

Donald W. Molloy, District Judge
United States District Court